# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAMAR SIMMONS,

    Petitioner,   :  Case No. 1:16-cv-414

 - vs -          District Judge Susan J. Dlott
              Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
 Southeastern Correctional Complex,
              :
    Respondent.

## ORDER ON MOTION FOR RECONSIDERATION

   This habeas corpus case under 28 U.S.C. § 2254 is before the Court on the Warden's Motion for Reconsideration of a Portion of this Court's Order Staying Proceedings (ECF No. 15).

   The Warden asserts that the Sixth Circuit requires that stays "be conditioned on the petitioner['s] returning to federal court within 30 days of exhaustion." (Motion, ECF No. 15, PageID 1876, citing *Griffin v. Rogers*, 399 F.3d 626 (6th Cir. 2005)). *Griffin* is not controlling. It was decided early in March 2005. Later that same month, the Supreme Court decided *Rhines v. Weber*, 544 U.S. 269 (2005), which allowed a district court to stay a mixed petition habeas case pending exhaustion, rather than dismiss as had been required under *Rose v. Lundy*, 455 U.S. 509 (1982). The petitioner in *Griffin* had her mixed petition dismissed without prejudice and was required to "return" – to re-file – within thirty days of exhaustion under *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). There is

1

no need to require Petitioner Simmons to "return" to federal court in that sense because his petition will remain pending, albeit stayed.

The Warden also asks that the Court impose the requirement of filing status reports on the Petitioner rather than the Warden because "Simmons is in a much better position to provide this service to the Court." (ECF No. 15, PageID 1876.) The Court rejects this notion. Petitioner is an incarcerated pro se litigant who does not have permission or, presumably, the capacity to check the status of his case online or to report that status to this Court. Conversely, the Attorney General's office has both of those capacities. While it is true that the Hamilton County Prosecutor's Office represents the State of Ohio in the state court proceedings and the Attorney General represents the State, through the Warden as nominal party and custodian, in this Court, both offices are defending the same criminal judgment. Because Mr. Deters is not a party to this case nor attorney for the Warden, the Court is unable to order his office to make the status reports, but surely a cooperative arrangement should be possible between the two officers representing the State for the Attorney General to receive notice of what happens in the state court proceedings. Even if some bureaucratic negotiation is necessary to make this happen, it is attorneys who are officers of the Court, not pro se incarcerated parties. Therefore the request to impose the status report requirement on the Petitioner is DENIED.

June 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge