# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAMAR SIMMONS,

            Petitioner,       :      Case No. 1:16-cv-414

  - vs -                          District Judge Douglas R. Cole
                                    Magistrate Judge Michael R. Merz

TERRY A. TIBBALS, Warden,
 London Correctional Institution,

                                           :

            Respondent.

# DECISION AND ORDER DENYING MOTION TO STAY

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Stay (ECF No. 35). Simmons asserts he has a delayed appeal pending in the Supreme Court of Ohio regarding his post-conviction claims. *Id.* Simmons has not furnished this Court with any of the materials filed in the Supreme Court of Ohio.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of

1

> the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. at 277. It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. *Id*. at 278. The Court thus endorsed the approach that courts within this Circuit had been following under *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

This case was filed March 24, 2016, more than three and one-half years ago. Over the Warden's objections, the Court already entered a stay to allow exhaustion (ECF No. 14). That stay was in place for more than two years until the Warden's counsel reported to the Court on November 14, 2019, that Simmons had received a decision on his last pending matter in the Ohio Court of Appeals and had not taken a timely appeal to the Supreme Court of Ohio (Status Report No. 15, ECF No. 31, PageID 1923). At that point the Magistrate Judge dissolved the stay and determined the case would be ripe for decision as soon as the Warden had supplemented the State Court Record with post-stay state court papers (Order, ECF No. 32). The Warden completed that task on December 5, 2019 (ECF No. 33).

Petitioner never objected to the dissolution of the stay, and his time to do so expired December 2, 2019. Instead, he mailed/filed the instant Motion on December 6, 2019 (Certificate

2

of Service, ECF No. 35, PageID 2008).

Petitioner has not shown good cause for a further stay. Examination of the docket of the Supreme Court of Ohio in its Case No. 2019-1704 shows that on December 10, 2019, Simmons filed a Motion for Delayed Appeal. As excuse for late filing, he claimed he received the decision of the First District Court of Appeals less than nine days before expiration of the forty-five day time period for appeal. He claimed that he had sent a Notice of Appeal on October 29 2019, but received a response from the Supreme Court Clerk indicating they had received his filings on November 12, 2019, and were returning them with instructions to file a delayed appeal (Motion, p. 2).

Simmons attached to his Motion for Delayed Appeal a copy of the First District Court of Appeals Judgment Entry, which affirmed denial of his petition for post-conviction relief on grounds the Hamilton County Court of Common Pleas lacked jurisdiction to consider it and denial of his motion for new trial because the Common Pleas judge had not abused his or her discretion in doing so (*State v. Simmons*, 1st Dist. Hamilton No. C-180200 (Sep. 20, 2019)) (unreported; copy at ECF No. 33, PageID 1986-88).

Simmons has pleaded seven grounds for relief in this case (Petition, ECF No. 1, PageID 4). His bare-bones Motion for Stay does not show this Court which if any of those grounds for relief are at issue in his present Motion for Delayed Appeal. Nor is it clear to this Court that the Supreme Court of Ohio could grant a delayed appeal, which applies only to criminal cases and not to petitions for post-conviction relief, which are treated by the Ohio courts as civil. *See, e.g., State v. Steffen*, 70 Ohio St. 3d 399, 410 (1994), citing *State v. Crowder*, 60 Ohio St. 3d 151 (1991) ("A postconviction proceeding is . . . a collateral civil attack on the judgment."); *State v. Eberle*, 12th

Dist. Butler No. CA99-12-210, 2001 WL 88201, at *1 (Jan. 29, 2001), citing *State v. Harvey*, 68 Ohio App. 2d 170, paragraph three of the syllabus (8th Dist. 1980) ("A delayed appeal pursuant to App.R. 5(A) is not available for the appeal of postconviction relief.").

Accordingly the Motion to Stay is DENIED without prejudice to its renewal if the Supreme Court of Ohio takes jurisdiction in its Case No. 2019-1704 and Simmons demonstrates that an issue then pending before that court is the same as any issue pleaded in the Petition here.

December 13, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

J:\Documents\Simmons Habeas Deny.docx