# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

LAMAR SIMMONS,

               Petitioner,          :     Case No. 1:16-cv-414

      - vs -                                District Judge Douglas R. Cole
                                            Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
 Southeastern Correctional Complex,
                                     :

               Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the merits after dissolution of the stay entered to allow Simmons to exhaust available state court remedies (ECF No. 32)[1] on the Warden's Response to this Court's Order of June 5, 2007 (ECF No. 13). Relevant filings to be considered are the Petition (ECF No. 1), the State Court Record (ECF Nos. 5, 9, 12, and 33), the Warden's Return of Writ (ECF No. 6), and Petitioner's Traverse (ECF No. 8).

## Procedural History

Simmons was indicted in 2011 by a Hamilton County grand jury on one count of murder

---

[1] After the original stay was dissolved, Petitioner sought an additional stay pending decision of the Supreme Court of Ohio on his motion for delayed appeal of denial of his petition for post-conviction relief (Motion, ECF No. 35). The Magistrate Judge denied an additional stay based on his understanding that the Ohio Supreme Court will not entertain a delayed appeal in a civil matter (Decision and Order, ECF No. 36).

with a firearm specification and one count of having weapons while under a disability (State Court Record, ECF No. 5, PageID 20-23). Simmons was convicted at trial of the murder and weapons counts, but not the firearm specification, and sentenced to life imprisonment without parole eligibility for eighteen years. *Id*. at PageID 43.

On appeal, the First District Court of Appeals affirmed on all assignments of error except the third, on which it remanded for appropriate findings to support consecutive sentences. *State v. Simmons*, 1st Dist. No. C-130126, 2014-Ohio-3695, 19 N.E. 3d 517 (Aug 27, 2014), appellate jurisdiction declined, 142 Ohio St. 3d 1410 (2015). After Supreme Court jurisdiction was declined, Simmons was resentenced to the same aggregate sentence he received before. He appealed and the First District affirmed in part and remanded in part (Judgment Entry, State Court Record, ECF No. 12, PageID 1812-14). Simmons appealed further to the Supreme Court of Ohio, which declined to accept jurisdiction. *State v. Simmons*, 151 Ohio St. 3d 1474 (2017)..

On October 19, 2015, Simmons filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Petition, State Court Record, ECF No. 5, PageID 231-42). The Common Pleas Court denied that Petition March 6, 2018, because it had been untimely filed (Entry, State Court Record, ECF No. 33, PageID 1944). On the same day the court denied Simmons' motion for a new trial. *Id.* at PageID 1943.

Simmons appealed. In a Judgment Entry dealing with both matters, the First District Court of Appeals held on September 20, 2019, that the Court of Common Pleas had not abused its discretion in denying the motion for new trial because the motion was not supported by any new evidence when such evidence was needed to support the motion (Judgment Entry, State Court Record, ECF No. 33, PageID 1986-1988). It further held the Common Pleas Court did not

have jurisdiction to consider Simmons' untimely post-conviction petition because he had not met the mandatory requirements of Ohio Revised Code § 2953.23. *Id.* at PageID 1987. Noting that an Ohio court always has jurisdiction to correct its own void judgments, *id.* at PageID 1988, citing *State ex rel.Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, it held that the claims Simmons made "in his new-trial motion and postconviction petition, even if demonstrated, would not have rendered his convictions void." *Id.* (citations omitted). Simmons did not timely appeal to the Supreme Court of Ohio; so far as this Court is advised, his motion for delayed appeal to that court remains pending.

Petitioner Simmons pleads the following grounds for relief:

> **Ground One:** Ineffective Assistance of counsel at trial. The First District court of Appeals decision to affirm the denial of ineffective assistance was in error based on counsel's choices at trial. Petitioner was denied the effective assistance of counsel when counsel had represented a witness that testified against Petitioner at the Grand Jury in the same case.

> **Ground Two:** [The] trial court erred in failing to record sidebar conferences. All proceedings of record in serious cases must be recorded by the trial court. The trial court erred routinely filing [sic] to record sidebar conferences in this case.

> **Ground Three:** The trial court abused its discretion in denying the motion for mistrial, as Petitioner was denied a fair trial because of prosecutorial misconduct. Failure to timely provide discovery. State delayed the disclosure of misidentification of Casey Coffey.

> **Ground Four:** The Jury erred to the prejudiced [sic] of Petitioner by finding him guilty, as those findings we're [sic] not supported by sufficient evidence. The State failed to meet its burden of proving Petitioner was guilty.

> **Ground Five:** Prosecutor committed error prejudiced [sic] to Petitioner's right to due process and a fair trial under the United States and Ohio Constitutions by engaging in improper conduct during trial and closing argument.

**Ground Six:**  Trial court committed erred [sic] in sentencing Petitioner to consecutive sentences.  Petitioner's sentences was [sic] clearly and convincingly contrary to law and the trial court abused its discretion.

**Ground Seven:**  The jury erred to the prejudice of the Petitioner by finding him guilty, as those findings [were] contrary to law. When findings is [sic] against the manifest weight of the evidence Petitioner is entitled to a new trial.

(Petition, ECF No. 1, PageID 4.)

# Analysis

## Ground One:  Ineffective Assistance of Trial Counsel

In his First Ground for Relief, Simmons asserts his trial attorney provided ineffective assistance in that he represented a witness who testified against Simmons in the grand jury.  At the time the Return was filed, this claim was unexhausted.  However, it is now exhausted as a result of the First District Court of Appeals' September 2019 decision.  That decision upheld denial of relief on the conflict of interest claim because it was not supported by any new evidence as required by Ohio R.Crim.P. 33 (Judgment Entry, State Court Record, ECF No. 33, PageID 1987-88).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual

> prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); see also *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

Under Ohio law, ineffective assistance of trial counsel claims or indeed any constitutional claims that depend on evidence outside the appellate record must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21 because evidence cannot be added to the

record on direct appeal. *State v. Hartman*, 93 Ohio St. 3d 274, 299 (2001); *State v. Hooks*, 92 Ohio St. 3d 83 (2001); *State v. Keith*, 79 Ohio St. 3d 514, 536 (1997); *State v. Smith*, 17 Ohio St. 3d 98, 101, n.1 (1985); *State v. Scott*, 63 Ohio App. 3d 304, 308 (8th Dist. 1989).

The United States Court of Appeals for the Sixth Circuit requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), quoting *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

As noted above, Ohio has a relevant procedural rule: constitutional claims that cannot be litigated on the basis of the appellate record must be raised in a petition for post-conviction relief

under Ohio Revised Code § 2953.21. That method of proceeding is further limited by a statute of limitations. In this case Simmons failed to file his petition for post-conviction relief within the time allowed by the relevant statute of limitations and failed to bring his case within the exceptions to that statute allowed by Ohio Revised Code § 2953.23. The First District Court of Appeals enforced these procedural rules on Simmons and he has not met his burden of showing cause and prejudice. The first of these two rules, Ohio's criminal *res judicata* rule, has been repeatedly upheld by the Sixth Circuit as an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001) (Smith, J.). The second of these two rules, the statute of limitations, obviously protects the State's interest in finality of criminal litigation. The Sixth Circuit has repeatedly upheld much shorter time limits for stages of criminal litigation. For example, both the forty-five day limit on appeals to the Supreme Court of Ohio and the ninety-day time limit on applications to reopen a direct appeal to raise claims of ineffective assistance of appellate counsel. *Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010); *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

Simmons' First Ground for Relief is procedurally defaulted and should be dismissed on that basis.


**Ground Two: Failure to Record Sidebar Conferences**


In his Second Ground for Relief, Simmons claims trial court error in failing to record

sidebar conferences.  Respondent asserts that this Ground for Relief is not cognizable in habeas corpus.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall C.J.); *Bickham v. Winn*, 888 F.3d 248, 253 (6th Cir. 2018) (Thapar, J., concurring).

Because there is no precedent of the United States Supreme Court clearly establishing a right to have all sidebar conferences recorded in felony cases, Respondent's position is well taken.  Ground Two should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Three:  Prosecutorial Misconduct:  Failure to Timely Disclose the Misidentification by Casey Coffey**

In his Third Ground for Relief, Simmons claims the prosecutor committed misconduct by failing to timely disclose the misidentification by Casey Coffey.  Respondent asserts this claim arises only under the Ohio law governing the granting or denial of mistrials (Return, ECF No. 6, PageID 273).  Simmons disagrees and asserts he presented his claim to the trial court as a "Constitutional Right to a Mistrial by failure to present proper evidence for a conviction . . .this is a denial of equal protection of the law and violation of due process of the United States

Constitution . . . ." (Reply, ECF No. 8, PageID 326).

The First District Court of Appeals considered Simmons' claim on direct appeal and decided it as follows:

> {¶ 28} *Kasey "Michelle" Coffey*. On Wednesday, January 25, 2013, after the conclusion of voir dire, the court learned that the state had violated the discovery rules when it had failed to name Kasey "Michelle" Coffey as a witness and to provide her statement to Simmons prior to trial.
>
> {¶ 29} The prosecutor explained to the court that the delayed disclosure of the witness had resulted from Detective Wloszek's confusion of Coffey with another witness with the first name of Michelle, Michelle Evans, who had been timely disclosed to the defense and who had been interviewed as a witness. Detective Wloszek claimed that he had taken an oral statement from Coffey, who he had also known as the confidential informant "Sammy," several days after the murder, and that he had summarized that statement in an investigative log. The prosecutor claimed that he had just learned of the mistake.
>
> {¶ 30} Simmons first moved to exclude Coffey, characterizing the delayed disclosure as suspicious because he claimed it coincided with the unavailability of another state's witness who the state had believed could provide similar testimony, an allegation not substantiated by the record. After defense counsel was provided with Detective Wloszek's summary of Coffey's statement and an opportunity to meet with Coffey, the trial court held an evidentiary hearing, at which both Detective Wloszek and Coffey testified. Their testimony conflicted with respect to the details of Coffey's statement and how and when it was made, but Coffey's testimony corroborated Detective Wloszek's testimony with respect to his confusion of her with another witness at court on the previous day. Upon hearing this testimony, defense counsel moved for a mistrial with prejudice.
>
> {¶ 31} After concluding that the delayed disclosure was due to a mistake, and not bad faith, the court overruled the motion to exclude Coffey and the motion for a mistrial. The court offered Simmons any continuance that defense counsel would need to prepare for Coffey's testimony.
>
> {¶ 32} Defense counsel declined the court's offer of a continuance and stated that he would be ready to proceed the following

morning. Consistent with this statement, defense counsel appeared the following morning and the case proceeded to opening statement without any indication from defense counsel that he was not prepared to go forward. The state called Coffey as its fourth witness, and defense counsel thoroughly cross-examined her.

\* \* \*

{ ¶ 36} Defense counsel suggested that the court order a two-month continuance, but after reminding the court of the other discovery issues in the case, including the late disclosure of Coffey, he contended that the cumulative errors had affected Simmons's right to a fair trial and mandated the granting of Simmons's motion for a mistrial with prejudice. Defense counsel argued the violation involved willful misconduct because the prosecution had earlier notice of the violation from Detective Wloszek's knowledge and had failed to cure the violation at the first opportunity. Defense counsel explained that several days prior, when Papke was testifying for the state, defense counsel had asked Papke if Cincinnati Bell had received an order compelling the production of Simone's cell-phone records. Papke replied that she was not personally aware of such an order filed with her office. Detective Wloszek had remained in the courtroom during this testimony, but he did not tell the prosecutor that he had actually obtained Simone's cell-phone records from Cincinnati Bell.

{ ¶ 37} The trial court considered defense counsel's arguments, and found that it would have been "helpful" for the defense to have had the search warrant and the affidavit listing Simone Kelsey as a suspect. Although the court did not find any willful violation of the discovery rules or bad faith, the court did sharply criticize the state for failing to characterize the warrant and affidavit as favorable evidence.

{ ¶ 38} The court was aware that the final discovery violation had come to light late in the state's case, but the court declined to grant a mistrial with prejudice at that time under the circumstances, believing that the sanction of "last resort" was not appropriate. Instead, the court continued the case until the following day to allow defense counsel to review the records that had not been provided in discovery and to have the opportunity to interview Simone, who had been identified as a potential state's witness in earlier discovery.

{ ¶ 39} The trial court continued the case an additional day because Simmons was not available. Before resuming the trial on

Thursday, January 31, the trial court inquired as to whether defense counsel had received and reviewed all of the relevant documents. Defense counsel indicated that he had reviewed the documents, that the cell-phone reports did not contain anything of significance, and that he had also been provided an opportunity to contact Simone but he had chosen not to do so. Defense counsel indicated that he was ready to proceed, and he resumed the cross-examination of Detective Wloszek, armed with the missing discovery to further inculpate Simone.

### *Claims based on Discovery Violations*

**{ ¶ 40}** Simmons argues that the trial court should have granted his motions for mistrial after learning of the discovery violations by the state. We note that Simmons sought not just a mistrial, but a "mistrial with prejudice" to the state, meaning that the state could not retry him for the charged offenses. Simmons also argues that the discovery violations denied him a fair trial and warrant the granting of a new trial.

**{ ¶ 41}** *The Discovery Rules*. Generally, discovery violations in criminal cases are governed by Crim.R. 16. The Supreme Court has recently explained the trial court's duty with respect to discovery violations by the state in *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971. When a discovery violation occurs, the trial court has discretion to make any order that the court "deems just under the circumstances." Crim.R. 16(L)(1); *Darmond* at ¶ 33.

**{ ¶ 42}** The trial court's discretion includes ordering the most severe sanction, a mistrial with prejudice, *Darmond* at ¶ 41, but only after inquiring into the circumstances surrounding the violations and taking into consideration (1) whether the failure to disclose was a willful violation of Crim.R. 16, (2) whether foreknowledge of the undisclosed material would have benefited the accused in the preparation of a defense, and (3) whether the accused was prejudiced. *Darmond* at ¶ 35, citing *State v. Parson*, 6 Ohio St.3d 442, 6 Ohio B. 485, 453 N.E.2d 689 (1983), syllabus. And, when determining the appropriate sanction, the court "'must impose the least severe sanction that is consistent with the purpose of the discovery rules.'" *Darmond* at syllabus, quoting *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987).

**{ ¶ 43}** The *Darmond* court noted that the purpose of Crim.R. 16(A), as amended in 2010, is "'to provide for a just determination of criminal proceedings and to secure the fair, impartial, and

speedy administration of justice'" and that it does so by
"'expand[ing] the reciprocal duties in the exchange of materials'
and [by] 'balanc[ing] a defendant's constitutional rights with the
community's compelling interest in a thorough, effective and just
prosecution of criminal acts.'" *Darmond* at ¶ 29, quoting the Staff
Notes to the 2010 amendment to Division (A) of Crim.R. 16.

{ ¶ 44} Simmons sought the most severe sanction, a mistrial with
prejudice. But the trial court investigated the circumstances of the
discovery violations and found that the less restrictive sanction of a
continuance was appropriate because it would provide defense
counsel with the opportunity to review and use the undisclosed
evidence. We find no abuse of the trial court's discretion.

{ ¶ 45} *No willful violations*. First, the trial court found no bad
faith or willful violations. While knowledge on the part of a law
enforcement officer must be imputed to the state in determining
whether there was a violation of Crim.R. 16, a determination of
willfulness focuses only the acts of the prosecution. *State v. Wiles*,
59 Ohio St.3d 71, 78-79, 571 N.E.2d 97 (1991).

{ ¶ 46}    Notwithstanding the violation based on Detective
Wloszek's mistake with respect to Coffey, the prosecutor explained
that he was not aware Coffey was a witness until her existence was
brought to the attention of the court. With respect to the violation
related to the May 2011 cell-phone documents, the prosecutor
admitted that the former prosecutor had been aware of those items
but that the former prosecutor had believed, erroneously with
respect to the subpoena and affidavit naming Simone as a suspect,
that the state did not have to provide any of them to the defense.
The trial court was satisfied that the representations of the
prosecutor were credible, and we have no basis to question this
conclusion. Moreover, it is undisputed that the prosecutor provided
the information as soon it became available to him.

{ ¶ 47} *Benefit of earlier disclosure*. The trial court found that an
earlier disclosure of Coffey's identity and Detective Wloszek's
summary of her statement could have benefitted the defense. The
trial court came to the same conclusion with respect to the warrant
and affidavit related to the May 2011 cell-phone records that
identified Simone as a suspect.

{ ¶ 48} *No Prejudice from Delayed Disclosure*. With respect to
the violation involving Coffey and her statement, the court ensured
that defense counsel had access to Coffey for an interview and that
defense counsel was provided Detective Wloszek's summary of

her statement. This information was provided before opening statement. The trial court offered the defense a continuance, an offer that defense counsel declined after providing assurances that he was ready to proceed.

{ ¶ 49} With respect to the violation involving the May 2011 cell-phone records and related documents, the court made sure that defense counsel was provided with the materials, and the court granted a continuance so that defense counsel could evaluate those documents and use them before the conclusion of the trial. Defense counsel appeared two days later ready to proceed, and acknowledged that the only helpful evidence from these documents was Detective Wloszek's characterization of Simone as a suspect in the warrant and supporting affidavit.

{ ¶ 50} While the warrant and supporting affidavit were helpful to the defense for that reason, the defense had received other discovery casting Simone as a suspect and had used that other information at trial before learning of the warrant and supporting affidavit. For instance, the state had produced Kelsey's cellular phone records that included a text message dated March 5, 2011, from Kelsey to Simmons stating that "[her] other sister and brother wnt to bury [Thompson.]" And, in opening statement, defense counsel told the jurors the theme of the defense: that Kelsey and her two siblings Simone and Daniel "were livid and upset" at Thompson and "were highly motivated to cause harm" to him, and they were protecting "their blood" at Simmons's expense. Further, the state had identified Simone as a potential witness before trial in early discovery, and therefore, Simmons had ample notice to interview her.

{ ¶ 51} Under these circumstances, we find no abuse of the trial court's discretion in overruling the motions for mistrial related to the discovery violations.

*Simmons*, 2014-Ohio-3695.

In presenting the mistrial claim to the First District, Simmons argued that the prosecutor's violations of Ohio R.Crim.P. 16 violated his right to due process and a fair trial under the United States and Ohio Constitutions (Appellant's Brief, State Court Record, ECF No. 5, PageID 48). Although Simmons did not rely heavily on federal precedent in his Brief, the Magistrate Judge finds the issues presented – denial of a fair trial – mean that the federal constitutional claim

Simmons makes here was fairly presented to the state courts. Although the First District did not discuss the issue in terms of the United States Constitution, it decided the issue presented to it by determining Simmons was not denied a fair trial.

As a matter of federal constitutional law, the decision whether to grant a mistrial is reserved to the broad discretion of the trial judge. *Renico v. Lett*, 559 U.S. 766, 774-76 (2010), citing *Illinois v. Somerville*, 410 U.S. 458, 462 (1973); *Gori v. United States,* 367 U.S. 364 (1961); *Wade v. Hunter*, 336 U.S. 684, 691 (1949). Without a defendant's consent, a judge may not order a mistrial and proceed to a re-trial without violating the Double Jeopardy Clause unless there is a "manifest necessity" for a mistrial. *United States v. Perez,* 22 U.S. (9 Wheat.) 579 (1824) (Story, J.); accord, *United States v. Dinitz*, 424 U.S. 600, 606-07 (1976). Here the defendant did not seek a mistrial with the possibility of retrial, but a "mistrial with prejudice," a final dismissal of the case. The First District determined that the trial judge had made appropriate adjustments in list of the failure to disclose regarding Casey Coffey: a brief continuance which allowed a complete cross-examination.

A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. In *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary*

> *for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002);
> *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v.
> Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v.
> Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196
> F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d
> 866, 869 (CA8 1999). And as this Court has observed, a state court
> need not cite or even be aware of our cases under § 2254(d). *Early
> v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002)
> (per curiam). Where a state court's decision is unaccompanied by
> an explanation, the habeas petitioner's burden still must be met by
> showing there was no reasonable basis for the state court to deny
> relief. This is so whether or not the state court reveals which of the
> elements in a multipart claim it found insufficient, for § 2254(d)
> applies when a "claim," not a component of one, has been
> adjudicated.

*Id.* at 98. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011), *quoting Harrington,* 562 U.S. at 99.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington*, 562 U.S. at 99  ; *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Simmons has not cited any United States Supreme Court precedent that clearly establishes his constitutional rights were violated by refusal of the trial court to grant a "mistrial with prejudice."  Defense counsel was given adequate time to prepare to cross-examine Coffey,

thus preventing a "surprise" witness. And in any event the rules of criminal discovery have not been constitutionalized beyond the prohibition on nondisclosure of exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83 (1963).

Simmons' Third Ground for Relief should be dismissed on the merits.

**Ground Four: Insufficient Evidence**

In his Fourth Ground for Relief, Simmons claims his conviction is supported by insufficient evidence. This claim was raised as Simmons' fourth assignment of error on direct appeal and the First District decided it as follows:

> *Sufficiency and Manifest Weight of the Evidence*
>
> **{¶ 105}** In his sixth and seventh assignments of error, Simmons argues that his convictions for murder and having weapons under a disability were not supported by sufficient evidence and were against the manifest weight of the evidence. We disagree.
>
> **{¶ 106}** *Sufficiency of the Evidence*. In reviewing a record for sufficiency, we must determine whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).
>
> **{¶ 107}** Simmons argues that the state failed to prove that he was Thompson's shooter because no fingerprints or DNA connected him to the murder and no gun was recovered. He further contends that Daniel's testimony was unreliable and that evidence supported his theory that Kelsey's family had orchestrated Thompson's murder to avenge her. But the state charged Simmons as a principal or as a complicitor with respect to Thompson's murder and, therefore, the state was not required to prove that Simmons had actually pulled the trigger to convict him.
>
> **{¶ 108}** Further, Simmons's codefendant, Daniel, was at the scene of the shooting and identified Simmons as the shooter. His

testimony indicated that he and Simmons had carried out a plan to ambush Thompson, and that testimony was corroborated by the cell-phone records, which contained the content of the text messages and the timing of the text messages and cell-phone calls between him, Kelsey and Simmons. Kelsey testified that Simmons had implicitly admitted to her that he had shot Thompson when he apologized for what happened in the stairwell. Further, Simmons stipulated to the prior requisite conviction for the offense of having weapons under a disability.

{¶ 109} After viewing this evidence in the light most favorable to the state, we hold that the state provided sufficient evidence to support the convictions for murder and having weapons under a disability.

*Simmons*, 2014-Ohio-3695.

Respondent defends Ground Four on the merits, contending the First District's decision is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. (Return, ECF No. 6, PageID 302-04). Simmons argues there was insufficient evidence because witness Kelsey "changed her testimony when defense counsel questioned her on stand at trial, in all efforts to impeach her prior testimony." (Reply ECF No. 8, PageID 333).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (*en banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, No. 3:03-po-2, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007) (Rice, J.). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991), superseded on other grounds by constitutional amendment as discussed in *State v. Smith*, 80 Ohio St. 3d 89, 102 n.4 (1997).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Parker v. Matthews*,

567 U.S. 37, 43-44 (2012) (*per curiam*); accord, *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (*en banc*); *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (*per curiam*); accord, *Parker v. Matthews*, 567 U.S. at 43 (2012). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

The fact that Kelsey was impeached does not mean the jury was not entitled to believe the impeached testimony. As the First District noted, there was eyewitness testimony from Daniel that Thompson was the shooter, plus a great deal of corroborating evidence. The Magistrate Judge concludes the First District's decision was neither contrary to nor an objectively unreasonable application of *Jackson*. Simmons' Fourth Ground for Relief should therefore be dismissed.


**Ground Five: Prosecutorial Misconduct**

In his Fifth Ground for Relief, Simmons asserts that misconduct by the prosecutor denied him due process and a fair trial under both the Ohio and federal Constitutions. Because this Court can consider only violations of the United States Constitution in a habeas corpus case, no analysis is offered here under the Ohio Constitution.

In the Petition Simmons provides no detail for this ground for relief beyond claiming that the misconduct took place "during trial and closing argument." (Petition, ECF No. 1, PageID 4). Respondent assumed that the claims of prosecutorial misconduct intended to be raised are those Simmons pleaded on direct appeal (Return, ECF No. 6, PageID 304-14). In his Reply Simmons does not dispute that analysis, focusing on the violations of discovery rules discussed above.

Prosecutorial misconduct justifies federal habeas relief only if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process" and resulted in prejudice. *Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

> On habeas review, claims of prosecutorial misconduct are reviewed deferentially. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To be cognizable, the misconduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (citation omitted). Even if the prosecutor's conduct was improper or even "universally condemned," *id.*, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair. Once we find that a statement is improper, four factors are considered in determining whether the impropriety is flagrant: (1) the likelihood that the remarks would mislead the jury or prejudice the accused, (2) whether the remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally presented to the jury, and (4) whether other evidence against the defendant was substantial. *See Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000). Under [the] AEDPA, this bar is heightened by the deference we give to the . . . [Ohio] Supreme Court's determination of . . . [Petitioner's]

prosecutorial-misconduct claims. *See Macias v. Makowski*, 291 F.3d 447, 453-54 (6th Cir. 2002) ("If this court were hearing the case on direct appeal, we might have concluded that the prosecutor's comments violated Macias's due process rights. But this case is before us on a petition for a writ of habeas corpus. So the relevant question is not whether the state court's decision was wrong, but whether it was an unreasonable application of clearly established federal law.").

*Bowling v. Parker*, 344 F.3d 487, 512-13 (6th Cir. 2003).

The relevant question in analyzing a claim for prosecutorial misconduct on habeas review is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (internal quotation marks omitted). To satisfy this standard, the conduct must be both improper and flagrant. *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006); *see also Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (noting that reversal is required if the prosecutor's misconduct is "so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant") (internal citation omitted). If conduct is found to be improper, four factors are then considered to determine whether the conduct was flagrant and therefore warrants reversal: "(1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant." *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005).

*Johnson v. Bell*, 525 F.3d 466, 482 (6th Cir. 2008). The discovery violations have been dealt with under Ground One above. Viewing the same violations as prosecutorial misconduct, they are less compelling than under the mistrial lens. The trial judge allowed defense counsel ample time to prepare for cross-examination of the relevant witnesses; their omission from discovery did not render the trial unfair. The First District's decision to that effect is not an objectively unreasonable application of the relevant Supreme Court precedent, *Darden*. Therefore Simmons' Fifth Ground for Relief should be dismissed.

**Ground Six:  Consecutive Sentences**


In his Sixth Ground for Relief, Simmons claims the trial judge abused his discretion in imposing consecutive sentences in this case.  Abuse of discretion does not constitute a federal constitutional violation.  *Sinistaj v. Burt,* 66 F.3d 804, 807-08 (6th Cir. 1995).  Moreover, the Supreme Court has held consecutive sentencing is not a matter for federal constitutional concern so long as they are authorized by state law.  *Oregon v. Ice*, 555 U.S. 160 (2009).  The First District upheld the imposition of consecutive sentences here once the trial judge had made the required findings of fact.  That decision presents no federal constitutional issue.  Simmons' Sixth Ground for Relief should therefore be dismissed.


**Ground Seven:  Conviction Against the Manifest Weight of the Evidence**


In his Seventh Ground for Relief, Simmons argues his conviction is against the manifest weight of the evidence presented at trial.  A weight of the evidence claim is not a federal constitutional claim.  *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1986).  Simmons' Seventh Ground for Relief should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Conclusion**


Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the

Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 31, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.